IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:15-CR-4-JDK |
| vs. § | |
| § | |
| § | |
| CHRISTOPHER EVERETT BROOK § | |
| (12) | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On August 25, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Ken Hawk.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Christopher Everett Brook was sentenced on November 17, 2016 by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. In accordance with a binding Rule 11(c)(1)C) plea agreement, Defendant was sentenced to 60 months of imprisonment followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment.

On June 14, 2019, Defendant completed his term of imprisonment and started his term of supervised release. The case was re-assigned to United States District Judge Jeremy D. Kernodle

on October 24, 2019.  On August 12, 2019, the Court modified Defendant's conditions to include a 180-day placement in a residential reentry center.  Defendant's conditions were modified again on November 1, 2019 to require participation in and completion of the Salvation Army inpatient program.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 17, 2019, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on June 24, July 9, July 15, August 7, and August 14, 2019.  It is also alleged that on August 20, 2019, Defendant submitted a urine specimen that tested positive for marijuana.

2. **Allegation 2 (special condition): Once released from custody, you must participate in and successfully complete the Salvation Army inpatient treatment program.  You must abide by the rules and regulations of the treatment program.** It is alleged that on December 4, 2019, Defendant was discharged from the Salvation Army inpatient treatment program for lack of rule compliance.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, capped at 24 months due to the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant used and thereby possessed marijuana and failed to complete the Salvation Army inpatient treatment program, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On August 25, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 17 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FMC Ft. Worth due to medical issues.

## *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 17 months of imprisonment with no supervised release to follow. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 17 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 17 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 25th day of August, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE